# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA – FLORENCE DIVISION

Travis Sintell McCrae,

Plaintiff,

v.

Attorney Jack Hofler and Hofler Law Firm,

Defendants.

Civil Action No.: _____

# PLAINTIFF'S MOTION FOR DEFAMATION OF CHARACTER AND PROFESSIONAL MISCONDUCT

## I. INTRODUCTION AND JURISDICTION

Plaintiff Travis Sintell McCrae, appearing pro se in his capacities as Principal Officer of Nipsey'z Checkmate Inc. and Trustee of the Travis Sintell McCrae Living Trust, respectfully moves this Honorable Court under Federal Rules of Civil Procedure 3, 7(b), 8, and 56, alleging Defamation of Character, Fraudulent Misrepresentation, and Professional Misconduct by Attorney Jack Hofler and Hofler Law Firm.

Jurisdiction lies under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367(a) (supplemental jurisdiction), and 42 U.S.C. § 1983 (deprivation of rights under color of law). Venue is proper in this District, where the misconduct occurred and caused injury to Plaintiff's reputation, business, and trust property.

1

## II. STATEMENT OF FACTS

1. Defendant Jack Hofler, acting in his professional capacity as a South Carolina attorney, made repeated oral and written statements to court staff, law enforcement officers, and members of the public falsely labeling Plaintiff as a "criminal," "felon," and "unfit person."

2. These statements were made outside the context of litigation, and without any judicial finding or evidentiary support.

3. Hofler's conduct was malicious and reckless, intending to destroy Plaintiff's credibility as a federal contractor and fiduciary, and to influence ongoing civil matters to Plaintiff's detriment.

4. Defendant's defamatory remarks were circulated throughout the local community, including law enforcement personnel and online media, resulting in irreparable harm to Plaintiff's reputation and business operations.

5. Such statements were made in bad faith, violating ethical standards and professional codes governing attorneys licensed in South Carolina.

6. The resulting damage included loss of contracts, emotional distress, and community defamation, constituting both personal and commercial injury.

## III. LEGAL STANDARD

Under FRCP 56(a), summary judgment shall be granted where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Defamation under South Carolina law requires:

1. A false and defamatory statement;

2. Publication to a third party;

3. Fault on the part of the defendant; and

4. Resulting damages (Wardlaw v. Peck, 282 S.C. 199 (Ct. App. 1984)).

Statements falsely imputing criminality constitute defamation per se, requiring no special proof of damages.

2

Further, an attorney who engages in fraudulent or dishonest conduct violates Rule 8.4(c) and 8.4(d) of the South Carolina Rules of Professional Conduct, and is subject to discipline under 28 U.S.C. § 454, which prohibits officers of the court from engaging in unlawful practice.

# IV. ARGUMENT

## A. Defendant Hofler Made False and Defamatory Statements of Fact

The Defendant's public statements labeling Plaintiff a criminal were objectively false, damaging, and intended to defame.

They were extrajudicial, made beyond pleadings or advocacy privilege, and therefore not protected by litigation immunity (Hains v. Kerner, 404 U.S. 519 (1972)).

## B. The Conduct Constitutes Professional Misconduct and Abuse of Office

Under ABA Model Rules 3.3 and 8.4, attorneys must not knowingly make false statements of fact or engage in conduct prejudicial to the administration of justice.

Hofler's coordinated misrepresentation and public statements violated those rules and 28 U.S.C. § 454, forfeiting his protection as an officer of the court.

## C. Damages Flowed Directly from the Defamation

The false statements destroyed Plaintiff's credibility with local officials and prospective business partners, causing the loss of substantial income, government contracting opportunities, and reputational stability.

Such reputational injury is compensable under both South Carolina defamation law and Restatement (Second) of Torts § 573 (liability for defamation per se).

# V. DAMAGES AND RELIEF REQUESTED

Plaintiff respectfully requests this Honorable Court grant the following relief:

1. Enter Judgment for Plaintiff on all counts of Defamation and Professional Misconduct.

2. Award Compensatory Damages of $2,000,000, for reputational and economic loss.

3. Award Punitive Damages of $3,000,000, for malice and willful intent.

4. Order a Permanent Injunction preventing further defamatory communication by Defendant Hofler and Hofler Law Firm.

5. Refer Defendant to the South Carolina Office of Disciplinary Counsel for investigation and disciplinary proceedings.

6. Grant any other relief the Court deems just and proper under FRCP 56 and 28 U.S.C. § 454.

## VI. PRAYER FOR RELIEF

"A man's name is his signature upon the world, and to defame it is to wound his spirit. Plaintiff prays this Court to restore his good name, to call falsehood to account, and to remind the bar that law without honor is law without soul."

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the following Defendant by certified U.S. Mail and/or electronic service, in accordance with FRCP 5(b)(2) and Local Civil Rule 83.I.08 (D.S.C.), this ___ day of _____, 2025:

- Attorney Jack Hofler

    Hofler Law Firm

    183 S. Coit Street

    Florence, SC 29501

Respectfully Submitted,

/s/ Travis Sintell McCrae

Travis Sintell McCrae, Pro Se

Principal Officer, Nipsey'z Checkmate Inc.

Trustee, Travis Sintell McCrae Living Trust

1901 W. Evans St., Unit 6937

Florence, SC 29501

(843) 618-4228

Travis@NipseyzCheckmate.com

*[signature]* 10-17-25