IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Travis McCrea, a/k/a Travis McCrae, )     CASE NO.: 4:25-cv-13117-JD-TER
a/k/a Travis Sintell McCrae, )
                                  )
        Plaintiff, )
                                    )
      vs. )  **MEMORANDUM ORDER AND**
                                    )             **OPINION**
Jack Hofler, Hofler Law Firm, )
                                    )
       Defendants. )
                                      )

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 7.) The Report recommends that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. (*Id.*) Plaintiff Travis Sintell McCrae, proceeding *pro se*, filed objections to the Report. (DE 9.) Also before the Court is Plaintiff's Verified Motion to Assert Tort Damages, for Declaratory and Equitable Relief, and to Set Relief Amount for Court Approval. (DE 11.)

## I.     BACKGROUND

Plaintiff filed this civil action on October 24, 2025, naming Attorney Jack Hofler and Hofler Law Firm as Defendants. (DE 1.) Plaintiff also moved for leave to

---

[1]      The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

proceed *in forma pauperis.* (DE 2.) On October 27, 2025, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis.* (DE 6.)

Plaintiff's Complaint is styled as a "Motion for Defamation of Character and Professional Misconduct." (DE 1.) Liberally construed, Plaintiff alleges that Defendant Jack Hofler, acting as a South Carolina attorney, made false statements labeling Plaintiff a "criminal," "felon," and "unfit person," and that those alleged statements harmed Plaintiff's reputation, business, and trust property. (*Id.* at 2.) Plaintiff asserts claims or theories including defamation, fraudulent misrepresentation, professional misconduct, and deprivation of rights under 42 U.S.C. § 1983. (DE 1.) Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and referral of Defendants to disciplinary authorities. (*Id.*)

## II.    REPORT AND RECOMMENDATION

On October 27, 2025, the Magistrate Judge issued the Report recommending dismissal without prejudice and without issuance and service of process. (DE 7.) The Report found that Plaintiff's § 1983 claim fails because Defendants are not state actors and because Plaintiff does not allege the violation of a federal right. (*Id.*) The Report also found that Plaintiff's allegations of defamation or reputational injury do not state a claim under § 1983 and, at most, sound in state tort law. (*Id.*)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to file timely, specific objections could waive appellate review. (*Id.*) Plaintiff filed objections on November 12, 2025. (DE 9.) Plaintiff later

filed his Verified Motion to Assert Tort Damages, for Declaratory and Equitable Relief, and to Set Relief Amount for Court Approval. (DE 11.)

### III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.    DISCUSSION

After a thorough review of the Report, Plaintiff's objections, the Complaint, Plaintiff's later verified motion, the record, and the applicable law, the Court adopts the Report. Because Plaintiff proceeds *pro se*, his filings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to ignore a clear failure to allege facts establishing a claim currently

cognizable in federal court, rewrite a complaint to include claims not presented, or construct legal arguments for a litigant. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's objections do not show error in the Report. Plaintiff objects that this action arises under various constitutional, statutory, criminal, treaty-based, and professional-conduct theories, including 28 U.S.C. § 454, 18 U.S.C. § 2381, 42 U.S.C. § 1983, 18 U.S.C. § 1962, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and alleged treaty or trust obligations. (DE 9.) Plaintiff also alleges fraud on the Court, clerk misconduct, professional misconduct, racketeering, treason, and treaty violations. (*Id.*) These assertions do not cure the defects identified in the Report.

Plaintiff's § 1983 claim fails because the Complaint does not plausibly allege that Defendants acted under color of state law or deprived Plaintiff of a federal right. Section 1983 is a vehicle for redressing violations of federal rights committed by persons acting under color of state law. The Complaint alleges that Defendant Hofler is an attorney, that Hofler Law Firm is his law firm, and that Defendants allegedly made defamatory statements or engaged in professional misconduct. Those allegations do not plausibly establish state action.

Nor does Plaintiff's later filing cure that defect. Even if Plaintiff's Verified Motion is construed as alleging that Defendant Hofler participated in related state forfeiture proceedings or represented a prosecutorial entity in state court, Plaintiff

4

still does not plead facts showing a cognizable § 1983 claim in this action. Plaintiff's allegations concern alleged litigation conduct, alleged statements about Plaintiff, alleged defamation, alleged professional misconduct, and related tort theories. Those allegations do not plausibly plead that Defendants violated a federal right actionable under § 1983.

Plaintiff also has not plausibly alleged a deprivation of a federal right. The gravamen of the Complaint is that Defendants allegedly defamed Plaintiff by calling him a criminal, a felon, or an unfit person, thereby harming his reputation and business interests. Defamation and injury to reputation, standing alone, are state-law tort theories and do not state a claim under § 1983. Civil-rights statutes do not convert every alleged tort committed by a private party into a federal constitutional claim. Although *pro se* pleadings are held to less stringent standards than lawyer-drafted pleadings, bare citation to federal statutes does not create federal jurisdiction where the pleaded facts do not state a federal claim.

Plaintiff's remaining cited authorities likewise do not establish a viable federal claim. Plaintiff's reliance on 28 U.S.C. § 454 does not state a claim against these Defendants. Plaintiff's references to treason, criminal fraud, oath violations, disciplinary rules, and treaty-based theories do not create a private civil cause of action against Defendants on the facts alleged. To the extent Plaintiff invokes 18 U.S.C. § 1962, he does not plead the required elements of a civil RICO claim, including a RICO enterprise, a pattern of racketeering activity, and injury to business or property caused by racketeering activity. Plaintiff's generalized references to

5

racketeering and conspiracy, therefore, do not establish federal-question jurisdiction or state a claim.

Plaintiff's Verified Motion to Assert Tort Damages, for Declaratory and Equitable Relief, and to Set Relief Amount for Court Approval does not alter the analysis. (DE 11.) In that filing, Plaintiff seeks to assert tort theories including defamation, false imprisonment, civil assault, fraud, abuse or misuse of legal process, and breach of contract. (*Id.*) Plaintiff also seeks to set a damages demand of $5,000,000, request restitution, and obtain declaratory and equitable relief. (*Id.*) The filing attaches materials from a related state-court matter involving Defendant Hofler and references state forfeiture proceedings. (*Id.*)

Even if the Court liberally construes DE 11 as a proposed amendment, supplement, or additional objection, it does not cure the deficiencies identified in the Report. The filing confirms that Plaintiff's theories are, at most, state-law tort theories. It does not plausibly allege that Defendants deprived Plaintiff of a federal right or that this Court has original jurisdiction over the claims. Because the Court adopts the Report and dismisses the Complaint without prejudice, Plaintiff's later verified motion is denied as moot. Alternatively, it is denied because amendment would be futile on the facts presented.

To the extent Plaintiff asserts state-law claims for defamation, fraudulent misrepresentation, professional misconduct, false imprisonment, civil assault, abuse of process, breach of contract, or related tort theories, the Court declines to exercise supplemental jurisdiction. When all claims over which the Court has original

6

jurisdiction are dismissed at the outset, the Court may decline supplemental jurisdiction over remaining state-law claims. This case remains at the initial review stage; no defendant has been served, and considerations of comity, fairness, and judicial economy favor dismissal of any state-law claims without prejudice so that Plaintiff may pursue them, if appropriate, in a court of competent jurisdiction.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's objections, Plaintiff's later verified motion, the Complaint, the record in this case, and the applicable law, the Court finds that Plaintiff's objections are without merit and that the Magistrate Judge correctly recommended dismissal without prejudice and without issuance and service of process.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 7) and incorporates it by reference. Plaintiff's objections (DE 9) are OVERRULED. Plaintiff's Verified Motion to Assert Tort Damages, for Declaratory and Equitable Relief, and to Set Relief Amount for Court Approval (DE 11) is DENIED AS MOOT and, alternatively, DENIED because it does not cure the deficiencies identified in the Report. This action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

7

Florence, South Carolina
June 11, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.